**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Judith M. Jones, | ) | No. CV 09-2229-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| American Mortgage Specialist, Inc.; | ) | |
| California Reconveyance Company; | ) | |
| Mortgage Electronic Registration Systems, | ) | |
| Inc.; First American Title; Priority Posting | ) | |
| and Publishing, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court are Defendants JPMorgan Chase Bank, N.A., California Reconveyance Company, and Mortgage Electronic Registration Systems, Inc.'s (collectively "the Chase Defendants") Motion to Dismiss (Doc. # 11); Defendant First American Title Insurance Company's Partial Joinder (Doc. # 12); Defendant American Mortgage Specialists, Inc.'s Partial Joinder (Doc. # 15); Defendant Priority Posting and Publishing's Motion to Dismiss (Doc. # 18); the Chase Defendants' Motion for Summary Disposition under Rule 7.2(i); (Doc. # 23); and Defendant American Mortgage Specialists, Inc.'s Motion for Summary Judgment (Doc. # 24). For the reasons that follow, the Court grants the request for summary disposition.

Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance

1    may be deemed a consent to the . . . granting of the motion and the Court may dispose of the

2    motion summarily." LRCiv. 7.2(i).  Local Rule 7.2(c) requires responsive memoranda to be

3    filed within fourteen days after a motion is served.  In this case, motions to dismiss were filed

4    on October 15, 2009, and October 29,2009.  A motion for summary disposition was filed on

5    December 28, 2009.  Plaintiff has failed to respond to any of the pending motions.

6    "Failure to follow a district court's local rules is a proper ground for dismissal."

7    *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren,* 601 F.2d 471, 474

8    (9th Cir. 1979)).  Before granting Defendants' motion for failure to abide by a local rule,

9    however, the Court "is required to weigh several factors: '(1) the public's interest in

10   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

11   prejudice to the defendants; (4) the public policy favoring disposition of cases on their

12   merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting

13   *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).  "This 'test' is not mechanical.

14   It provides the district court with a way to think about what to do, not a set of conditions

15   precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins.*

16   *Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007).

17   Here, the first, second, and third factors all weigh in favor of summarily dismissing

18   this case.  The first factor "always favors dismissal," *Yourish v. California Amplifier,* 191

19   F.3d 983, 990 (9th Cir. 1999), and the second factor usually favors dismissal, *Wanderer v.*

20   *Johnston,* 910 F.2d 652, 656 (9th Cir. 1990), and this case is no exception.  In the instant

21   case, the Court finds that the public's interest in expeditiously resolving this litigation and

22   the Court's interest in managing the docket weigh in favor of dismissal.  Plaintiff has had

23   ample time to respond to Defendants' motion to dismiss and yet Plaintiff has failed to

24   respond to even a single pending motion.  Because the Court and public have a strong interest

25   in judicial efficiency and the prompt resolution of litigation, dismissal under these

26   circumstances is appropriate.

27   With respect to the third factor, the Court finds that Plaintiff's refusal to respond

28   causes Defendants to suffer prejudice.  Defendants have taken timely action to address

Plaintiff's claims and reduce the cost and complexity of this litigation, and Plaintiff's refusal to respond, if permitted to continue, would only frustrate those efforts. This is especially true in a case like this, where there are several pending motions, and Plaintiff has failed to respond to even a single motion. Moreover, the third factor also weighs in favor of dismissal in this case, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade. *See Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007) (passage of time can prejudice a defendant).

Although the fourth factor–public policy favoring disposition of cases on their merits–weighs against granting Defendants' motion, the Court finds this factor to be greatly outweighed by the factors in favor of granting the motions.

Finally, the Court concludes that the availability of less drastic sanctions does not necessitate that those lesser sanctions be employed in the instant matter. The Court has granted Plaintiff ample time to respond to Defendants' motions, and the Court has explicitly warned Plaintiff that failure to do so could result in granting of such motions (Doc. # 7 at p. 3). Plaintiff nonetheless failed to respond or take any other action to prosecute her claims. Therefore, factor 5 weighs in favor of dismissal.

With four factors weighing in favor of granting Defendants' motion and only one factor weighing against, the Court finds the granting of Defendants' motion to be appropriate here. The Court's decision is further supported by the fact that the granting of Defendants' motion is premised upon a local rule that expressly permits the Court to summarily grant Defendants' unopposed motions. *United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

1    The Court thus concludes that granting Defendants' motion to dismiss under LRCiv.

2  7.2(i) is justified and appropriate.[1]

3    Accordingly,

4    **IT IS ORDERED** that Defendants JPMorgan Chase Bank, N.A., California

5  Reconveyance Company, and Mortgage Electronic Registration Systems, Inc.'s Motion for

6  Summary Disposition under Rule 7.2(i) (Doc. # 23) is granted.

7    **IT IS FURTHER ORDERED** that Defendants JPMorgan Chase Bank, N.A.,

8  California Reconveyance Company, and Mortgage Electronic Registration Systems, Inc.'s

9  Motion to Dismiss (Doc. # 11) is granted.

10    **IT IS FURTHER ORDERED** that Defendant Priority Posting and Publishing's

11  Motion to Dismiss (Doc. # 18) is granted.

12    **IT IS FURTHER ORDERED** that Defendant American Mortgage Specialists, Inc.'s

13  Motion for Summary Judgment (Doc. # 24) is denied as moot.

14    **IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment

15  accordingly, and dismiss this case without prejudice.

16    DATED this 19th day of April, 2010.

17

18

19  _____
      James A. Teilborg
20    United States District Judge

21

22

23

24  _____

25    [1] The Court having analyzed the Chase Defendant's motion for summary disposition,
  and finding that the remaining Defendants are in the same position, the Court will grant both
26  motions to dismiss under LRCiv. 7.2(i).  *See generally Abigninin v. AMVAC Chem. Corp.,*
  545 F.3d 733, 743 (9th Cir.2008) ("A [d]istrict [c]ourt may properly on its own motion
27  dismiss an action as to defendants who have not moved to dismiss where such defendants are
28  in a position similar to that of moving defendants.").